**Cecil COSTON, Plaintiff-Appellant,**

v.

**DETROIT EDISON COMPANY,
Defendant-Appellee.**

No. 84–1692.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 17, 1986.

Decided April 25, 1986.

Ethan Vinson, Livonia, Mich., for plaintiff-appellant.

Stanley H. Slazinski, Jessiephine W. Summerville (argued), Legal Dept., Detroit, Mich., for defendant-appellee.

---

3. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Before LIVELY, Chief Judge, MERRITT and WELLFORD, Circuit Judges.

PER CURIAM.

Plaintiff filed a Title VII action in July 1982 alleging racially discriminatory employment practices. Late in 1983, the trial judge notified the parties in this case that there would be a hearing on defendant Detroit Edison's motion for summary judgment, which was supported by a number of affidavits and a full brief. Defendant's counsel appeared for the motion as scheduled; plaintiff's counsel did not, thereby setting an unfortunate and disturbing precedent in this case. After the time set for the hearing, counsel for plaintiff, Ethan Vinson, telephoned the court and explained that he had forgotten the hearing and waived oral argument. The court assessed an attorney fee against Mr. Vinson for this failure, but did not then grant defendant's motion for judgment.

Twice, on successive occasions during 1984, plaintiff's counsel again failed to appear at scheduled pretrial conferences before the magistrate, to whom the matter was referred, despite the court's order requiring him to be present on the latter occasion. He claimed not to have received the second notice mailed to his office address, although adversary counsel did receive the notice and again appeared. The magistrate then recommended that the case be dismissed after the second failure to appear before him, and the district court adopted this report ordering dismissal but only after considering plaintiff's objections to the magistrate's report.

On appeal to this court, plaintiff's counsel specifically requested oral argument at the time of filing his brief. Ample notice of the oral hearing granted on the appeal was given counsel. Again, plaintiff's counsel has failed to appear, advising the Clerk on the morning of the hearing that he was tied up in a state court. Defendant's counsel had already traveled from Michigan to attend the hearing and appeared to argue

defendant's position that the case should stand dismissed. *See* Fed.R.App.P. 34(e).

It is apparent to this court that plaintiff's counsel in this case has failed to live up to his professional responsibility to represent his client properly by neglecting or failing to appear for scheduled hearings both before the district court and with respect to the hearing on this appeal and in his failure to give an adequate explanation on these failures. He has also failed in his responsibility to represent his client zealously. *See* Model Code of Professional Responsibility Canons 6 and 7. This conduct also appears to fall short of the standards for professional conduct required by Rule IV of the rules for disciplinary enforcement of this court.

■ While we believe it is within this court's inherent authority to dismiss the appeal for the failure of appellant's counsel to appear without reasonable explanation or excuse for oral argument as he himself requested, we prefer instead to act upon the merits of the appeal as reflected by the record and the briefs. The primary issue before us, as expressed in appellant's brief is simply: "Did the district court abuse its discretion in dismissing plaintiff's case?" Plaintiff relies primarily upon *Carter v. City of Memphis,* 636 F.2d 159 (6th Cir. 1980), for his argument that there was an abuse of discretion in the dismissal of the case. There the district judge dismissed a civil rights complaint when plaintiff's attorney failed to file a proposed pretrial order and to complete discovery as directed. While noting the district court's authority to take such action under Fed.R.Civ.P. 41(b), a majority of the panel in *Carter* felt that the court's action under the circumstances was an abuse of discretion.[1] It should be noted that in *Carter* the action was taken only about a year after the case was filed and after the parties had briefed and filed a motion to dismiss and a response thereto, and plaintiff had filed a motion to amend his claim. The court majority held:

---

1. The district judge sitting in the *Carter* case filed a vigorous dissent relying upon a Supreme

Court decision, *Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

The sanction of dismissal is appropriate only if the attorney's *dilatory* actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of pre-trial procedures.

*Carter*, 636 F.2d at 161 (emphasis added).

*Carter* is distinguishable from the facts of this case. The plaintiff's problem here was his chosen attorney's failure to appear on repeated occasions under circumstances deemed unacceptable to the court, not mere dilatory conduct involving a failure to file a specified document. We find no abuse of discretion in either the magistrate's or the district court's treatment of this case. *See Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962), where the test is stated to be whether the action "was within the permissible range of the court's discretion." The facts of this case, in our view, more nearly resemble those in *Link* than those in *Carter*, and the court's action was well within the "permissible range" of its discretion.

■ Because of the failure of appellant's counsel to appear at oral argument, which he requested, on this appeal without giving any adequate advance notice to the court or to his adversary counsel, who did appear, we have issued a show cause notice to counsel as to why he should not be disciplined. He was afforded an opportunity to be heard and to respond to this court's inquiry concerning the circumstances and was advised concerning the potential for sanctions against him. The court has found the reasons set forth by Mr. Vinson to be unacceptable.

This is an appropriate case for imposition of sanctions where counsel has repeatedly failed to appear to prosecute the asserted cause of action. His latest absence at oral argument caused his adversary unnecessary time and expense. We therefore assess as costs against Ethan Vinson *personally* not only the usual costs attendant to appeal, but also the reasonable costs of appellee's counsel in travel to and from Cincinnati for oral argument and a reasonable allowance for her time necessary in making her appearance and argument.

*See* 28 U.S.C. § 1927; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–766, 100 S.Ct. 2455, 2463, 2464, 65 L.Ed.2d 488 (1980); *Link*, 370 U.S. at 633, 634, 82 S.Ct. at 1390, 1391; *Schwarz v. United States*, 384 F.2d 833, 836 (2d Cir.1967). Counsel for appellee should promptly certify these additional costs to be reimbursed her to the Clerk of this court.

■ The court has also afforded said attorney a hearing, after notice, as to why he should not be suspended form the list of attorneys authorized to practice before this court for his unauthorized absence at oral argument and his persistent failures to appear and prosecute the case which he requested. Because his explanation for his failure to appear was unsatisfactory, we hereby suspend Ethan Vinson from practice before this court pending a certification from the clerk that he has paid the costs and sanctions imposed upon him as herein set forth.

We AFFIRM the judgment of dismissal.