803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NOVELLA BENGE, Plaintiff-Appellant
v.
RONALD MARSHALL; DONALD W. NEAL, JUDITH A. ALLEN; DR. TING
LUI; ONE UNKNOWN CORRECTIONAL OFFICER OF SOCF; TWO UNKNOWN
NAMED NURSES OF SCIOTO MEMORIAL HOSPITAL; SCIOTO MEMORIAL
HOSPITAL, Defendants-Appellees
 No. 86-3282.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1986.
 
 1
 BEFORE: JONES, MILBURN and BOGGS, Circuit Judges
 
 ORDER
 
 2
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing her civil rights case. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff's complaint alleged that she was subjected to a body cavity search after arrest by prison guards from the Southern Ohio Correctional Facility. Although the search took place at a hospital and was performed by a doctor, Benge alleges that she was substantially injured by the search. The district court originally dismissed the case for failure to state a claim. A panel of this Court remanded the case, holding that the allegations of injury made summary disposition improper.
 
 
 4
 After various proceedings, Benge failed to attend a scheduled deposition. The magistrate recommended that the case be dismissed for failure to prosecute. The district court utilized a clearly erroneous standard of review when addressing this recommendation. The court then adopted the report and dismissed the case.
 
 
 5
 Here the order of reference referred the case to the magistrate under 28 U.S.C. Sec. 636(b)(1)(B). Under this section, a de novo review of any objections is required. See Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985). So it was improper for the district court to review this case under a clearly erroneous standard.
 
 
 6
 Moreover, the district court was incorrect when it dismissed the case. Under Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980), the sanction of dismissal is appropriate only if the dilatory actions of the party amounted to failure to prosecute and no alternate sanction would protect the integrity of the court's pretrial procedures. The facts of Coston v. Detroit Edison Co., 789 F.2d 377, 378 (6th Cir. 1986) are instructive on this point. There the plaintiff's counsel missed one hearing and the court imposed attorney fees as a sanction. When counsel missed two more hearings, the case was dismissed.
 
 
 7
 In the present case, the plaintiff's failure to appear at the scheduled deposition can be remedied by awarding costs and attorney fees. If she again misses a scheduled deposition, then her case can be dismissed. Because alternate sanctions are adequate to protect the integrity of the court's pretrial procedures in this case, we find that the court did abuse its discretion when it dismissed the action.
 
 
 8
 The judgment of the district court is vacated and the case is remanded under Rule 9(d)(4), Rules of the Sixth Circuit, for further proceedings.