811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Edward MCFADDEN, Plaintiff-Appellant,
v.
John D. CAUGHMAN, Macmahon Lloyd, Thomas A. Davis, Leroy
Bishop, Mr. Ameral, Charlie Shepherd, Pete Logan, Thomas H.
Brown, Bill Hussey, Dick Oyler, Bob Griger, Robert B.
Johnson, Reginald Renee Rogers, Defendants-Appellees.
 No. 86-5026.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1986.
 
 Before ENGEL and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant seeks review of a judgment of the district court for the Western District of Tennessee which dismissed both his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 and his civil rights complaint pursuant to 42 U.S.C. Sec. 1983. Examination of the record indicates that the district court took that action pursuant to Rule 41(b), Federal Rules of Civil Procedure, in consequence of appellant's failure to prosecute. Specifically, neither the complaint nor the petition for habeas relief, both as originally filed and as later amended, contain the statement of the basis of the district court's jurisdiction over those matters as required by Rule 8(a), Federal Rules of Civil Procedure.
 
 
 3
 On appeal this Court may disturb the dismissal of an action pursuant to Rule 41(b), Federal Rules of Civil Procedure, only if it can determine that the district court abused its discretion in taking that action. Bishop v. Cross, 790 F.2d 38 (6th Cir.1986); Coston v. Detroit Edison Company, 789 F.2d 377 (6th Cir.1986). Examination of the record on appeal in light of that standard indicates that the district court did not err in dismissing appellant's civil rights complaint and petition for a writ of habeas corpus. Rule 8(a), Federal Rules of Civil Procedure, mandates that any claim for relief include a statement as to the basis of the district court's jurisdiction, with one of the possible results of the failure to satisfy that requirement being dismissal pursuant to Rule 41(b), Federal Rules of Civil Procedure. Schmidt v. Herrmann, 614 F.2d 1221 (9th Cir.1980); Von Poppenhein v. Portland Boxing and Wrestling Comm., 442 F.2d 1047 (9th Cir.1971), cert. denied, 404 U.S. 1039 (1972). In this appeal appellant's original habeas petition and civil rights complaint clearly failed to satisfy the jurisdictional pleading requirements of Rule 8(a), Federal Rules of Civil Procedure. Furthermore, appellant did not cure that defect by amendment of his pleadings when ordered to do so by the district court. Accordingly, the district court did not abuse its discretion in dismissing both the petition for a writ of habeas corpus and the civil rights complaint pursuant to 41(b), Federal Rules of Civil Procedure.
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court entered October 31, 1985, be and hereby is affirmed.