Ruby H. **HARRIS**, Plaintiff–Appellant,

v.

Reginald **CALLWOOD** & Daisy Callwood, Defendants–Appellees.

No. 86–4001.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 11, 1988.

Decided April 21, 1988.

---

Ruby Harris, pro se.

Linda M. Angell, Eric H. Zagrans, argued, Arter & Hadden, Cleveland, Ohio, for defendants-appellees.

Before MERRITT and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

The District Court dismissed Ruby Harris' *pro se* breach of contract action under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's pretrial order to appear for a final conference prior to trial.

Judge Lambros' July 11, 1986, order[1] indicates that a conference would take place on October 14, 1986. Harris, who is 79, argues that she never received a copy of this order and therefore she did not know her appearance was required in court on October 14. Harris states that beginning in June 1986, she on numerous occasions telephoned the court clerk's office and spoke to a Mrs. Artz about the status of her case. Harris began keeping notes of her calls in late August 1986. She explains that each time she called, Artz told her to wait, that there was no news about whether the judge had reinstated her case. In late September or early October, Harris asked Artz in person about the case and Artz told her to wait three weeks and then check the file again. In the meantime, on October 14, the date of the conference,

Harris received a call from the clerk's office asking why she was not in court. Harris rushed to court but she was too late. Judge Lambros had already dismissed her case. There is nothing in the record that disputes these contentions.

Judge Lambros' July 11 order does not specifically state that Harris, a *pro se* litigant, is required to appear in court on October 14. Nor does it indicate in any manner that failure to appear in court would result in dismissal of the case.

In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1961), Justice Harlan established that courts have the inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Plaintiff's counsel, who had notice of a pretrial conference, deliberately did not attend the conference, had previously been dilatory in prosecuting the case, and did not file a motion for reconsideration justifying his conduct. *Id.* at 627–28, 82 S.Ct. at 1387. In affirming dismissal, the Court stated:

> It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Anderson National Bank v. Luckett*, 321 U.S. 233, 246 [64 S.Ct. 599, 606, 88 L.Ed. 692 (1944)].... The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.

1. On April 23, 1986, Judge Lambros dismissed without prejudice Harris' case because of failure to obtain new counsel and further prosecute the case, allowing 60 days for reinstatement. Harris motioned the Court for reinstatement of her case in June. Judge Lambros' July 11 order granting Harris' reinstatement motion states:

> Plaintiff has filed an unopposed motion to reinstate this action. This motion is hereby granted. The parties in this case shall abide by the following pretrial schedule:

> —all discovery shall be concluded within sixty (60) days of the date of this order
> —all dispositive motions shall be made within thirty (30) days from the close of discovery
> —a final settlement conference shall be held at 10:00 a.m. on October 14, 1986 in Room 106, United States Courthouse, Cleveland, Ohio.

370 U.S. at 632, 82 S.Ct. at 1389–90. The Court narrowly limited its holding to the facts and circumstances of the particular case. *Id.* at 635, 82 S.Ct. at 1391.

In the Sixth Circuit, we have frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal. *See, e.g., Carter v. City of Memphis,* 636 F.2d 159, 161 (1980)(penalty of dismissal applies only in "extreme situations" of deliberate delay or "contumacious conduct"); *Holt v. Pitts,* 619 F.2d 558, 562 (1980)(same); *Patterson v. Township of Grand Blanc,* 760 F.2d 686, 688 (1985)(same); *Bishop v. Cross,* 790 F.2d 38, 39 (1986) (dismissal requires a "degree of willfulness, bad faith or contumacious conduct"). *See also* Note, *Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litigation,* 72 Yale L.J. 819, 830 (1963). *But see Coston v. Detroit Edison Co.,* 789 F.2d 377, 379 (6th Cir. 1986) (repeated failure of counsel to appear both at trial proceedings and on appeal without excuse justifies dismissal). Other circuits explicitly require "adequate notice that the Court was contemplating the drastic measures" of *sua sponte* dismissal in the absence of bad faith or other similar egregious conduct. *Saylor v. Bastedo,* 623 F.2d 230, 238–39 (2nd Cir.1980) (Friendly, J.) (procedural requirement for *sua sponte* dismissal implicit in *Link* not met where counsel never given "reason to think" that court might dismiss case). *Accord Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 276–77 (7th Cir.1986) (district court should warn pro se litigants of possible consequences of neglect if it intends to sanction with dismissal); *McKelvey v. AT & T Technologies, Inc.,* 789 F.2d 1518, 1520–21 (11th Cir. 1986)(lack of notice of court order does not constitute "extreme circumstances" necessary to impose drastic remedy of dismissal); *Camps v. C & P Tel. Co.,* 692 F.2d 120, 125 (D.C.Cir.1981)(court should "acquaint pro se litigants with the sort of risk tardiness creates when dismissal is the pen-

alty contemplated"); *Tolbert v. Leighton,* 623 F.2d 585, 587 (9th Cir.1980)(abuse of discretion to dismiss plaintiff's case where, *inter alia,* "court has not warned that failure to attend will create risk of dismissal").

From these cases we extract the principle that in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct." In the case before us there was no such notice and no finding of bad faith, and there was a motion to reconsider justifying the pro se litigant's failure to appear at the conference. Nothing in the record disputes the facts she asserted in justification for her failure to attend the conference. Accordingly, the judgment of the District Court dismissing this case under Rule 41(b) is reversed and the case remanded for further proceedings.

BAILEY BROWN, Senior Circuit Judge, concurring.

If we were writing on a clean slate for this circuit, I would be inclined to agree with Judge Ryan's dissent in its interpretation of Rule 41(b) and *Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The problem is that we have a series of prior opinions of panels of this court dealing with these questions, and the majority opinion is consistent with these opinions. *Bishop v. Cross,* 790 F.2d 38 (6th Cir.1986); *Patterson v. Township of Grand Blanc,* 760 F.2d 686 (6th Cir.1985); *Carter v. City of Memphis, Tenn.,* 636 F.2d 159 (1980); and *Holt v. Pitts,* 619 F.2d 558 (1980). In all of these opinions, the district court was reversed for dismissing with prejudice.

As to the facts: as Judge Ryan points out, the Clerk's office record showed that notice of the second pre-trial conference was mailed to appellant (on which the district court relied), but it is also true that appellant promptly filed a motion to set aside the dismissal, claiming that she had not actually received the notice, which motion the district court denied without further inquiry.

Since I do not believe that this panel can or should overrule the decisions of prior panels, I concur with the majority opinion. I would add that the standard for dismissal applied by the majority opinion has the advantage of some certainty. Moreover, it would appear that, as a general practice, it would be well to include in all orders, such as those setting pre-trial conferences, that failure to appear may result in dismissal with prejudice without further notice.

RYAN, Circuit Judge dissenting.

The district court dismissed the plaintiff's complaint, presumably on the authority of Fed.R.Civ.P. 41(b), although the district court's order does not say so, for the plaintiff's failure to prosecute the action and to comply with the court's pretrial orders.

It is indisputable, I think, that our standard of review is whether the district court has abused its discretion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962);[1] *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir.1983); 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2370 at 203 (1971). Nevertheless, this court, without finding any abuse of discretion or even acknowledging the existence of that standard, and without finding any violation of Fed.R.Civ.P. 41(b), has reversed the district court's judgment and ordered the case reinstated. In my judgment, the court errs in doing so and I must respectfully dissent.

It is elemental, I think, that a federal trial court has the inherent power to control its docket in a number of ways, including the power to order dismissal of civil cases in which the prosecuting party does not diligently move the case to conclusion

by obeying the court's pretrial orders to appear when required to do so.

The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U.S. at 630–31, 82 S.Ct. at 1389. In addition to that inherent power, a trial court is specifically empowered by Fed.R. Civ.P. 41(b) to order involuntary dismissal of cases "[f]or failure of the plaintiff to prosecute or to comply with ... any order of the court...."

To properly determine whether the district court abused its discretion in dismissing the plaintiff's case, it is necessary to examine the docket-record history of the case, and to gain, thereby, an appreciation of the plaintiff's record of nonprosecution of the case, the prejudice suffered by the defendant as a result, and the history of the trial court's patience with the plaintiff.

The majority opinion declares that the district court dismissed the plaintiff's *"pro se* breach of contract action under Fed.R. Civ.P. 41(b) *for failure to comply with the court's pretrial order to appear for a final conference prior to trial."* (Emphasis added.) Although essentially correct, that statement is a bit underinclusive. The court's order of dismissal recites as reasons for the dismissal a number of factors, including the previous dismissal of the action for the plaintiff's failure to prosecute, the plaintiff's failure to appear at the second scheduled pretrial conference, the defendant's attendance at every conference, the costs in "time and legal fees" to the defendant for the plaintiff's procedural lapses, and the pendency of the case for more than four years.[2]

*Link*, 370 U.S. at 633, 82 S.Ct. at 1390.

---

1. [W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion.

2. The court's order states:
   This action was previously dismissed for want of prosecution, and was reinstated upon motion of plaintiff by Order of this Court July 15, 1986. In accordance with that Order, this action came on for final pretrial conference on October 14, 1986. A record was taken of the proceeding. Counsel appeared for de-

The procedural history of the case, which creates the context in which the court exercised its discretion to dismiss the action, is as follows:

May 26, 1982 Plaintiff's action is filed.

June 1, 1983 Default judgment entered against defendants for failure to file an answer despite two extensions granted by the court.

June 30, 1983 Default judgment set aside and defendants permitted to answer.

August 31, 1984 Defendants move to dismiss for plaintiff's failure to prosecute and because no discovery or other action has taken place.

September 24, 1984 Plaintiff responds that no discovery is necessary and that she is ready for trial.

February 26, 1986 District court denies defendant's motion to dismiss and schedules pretrial conference for April 23, 1986, and trial for May 20, 1986.

March 5, 1986 Plaintiff's attorney indicates to the court that he has "returned filed" (returned the file to the plaintiff) but has not formally withdrawn.

April 23, 1986 Pretrial conference. Plaintiff's counsel moves for withdrawal declaring that he had been discharged by the plaintiff in November 1984, a statement which plaintiff disputes.

The court dismisses the action without prejudice for plaintiff's failure to hire new counsel. Plaintiff is given 60 days within which to reinstate the action, failing which, "this action is dismissed with prejudice."

July 15, 1986 District court reinstates the action and schedules final settlement conference for October 14, 1986.

October 14, 1986 Plaintiff, acting *pro se*, fails to appear at the settlement conference.

October 17, 1986 Court enters order dismissing the action with prejudice.

October 21, 1986 Plaintiff files "Motion for Bill to Carry a Decree into Execution" which the district court treats as a motion for release from judgment pursuant to Rule 60(b)(6). Court denies the motion declaring that there is "no new evidence or authority to support reconsideration."

Thus, the case, at the time of the trial court's dismissal, was pending on the trial court's docket for almost four and one-half years. The plaintiff, at first represented by counsel and later appearing *pro se*, had conducted no discovery whatever and declared that there was no need for any. Two pretrial conferences were scheduled. At the first, in April 1986, plaintiff's counsel appeared and announced that he could not represent the plaintiff because he had been discharged. Plaintiff claimed her lawyer had not been discharged, and that she was not prepared to proceed *pro se*. The case was dismissed for want of prosecution and reinstated thereafter at plaintiff's *pro se* request. Despite the plaintiff's understanding that she was handling the case *pro se*, she failed to appear on October 14, 1986, at the second pretrial conference, and the court once again dismissed the case.

This court's opinion is devoted very largely to a restatement of the essence of the *pro se* plaintiff's presentation during oral argument on appeal. It describes a series of telephone calls with a member of the district court's staff and comes to the implicit conclusion that the *pro se* plaintiff was not notified of the second pretrial conference on October 14. That conclusion is reached despite the indisputable fact that

---

fendants, however, plaintiff, now *pro se*, failed to appear at the pretrial conference.

Given that defense counsel has been in attendance at every pretrial conference ordered by this Court, it would be an unreasonable imposition to require defendants to spend additional time and legal fees in defense of this action, which plaintiff fails to prosecute. Plaintiff has been given over four years to prosecute this action, and defendants have been at risk this entire period of time. Accordingly, it would be inappropriate to allow defendants to remain at risk in this action.

For the above-stated reasons, this action is hereby dismissed with prejudice and this action is terminated.

IT IS SO ORDERED.

the docket sheets of the district court reveal that the district court's order containing notice of the time, date, and place of the pretrial conference was mailed to the plaintiff on July 22, 1986.[3] The court concludes, however, that the plaintiff's oral argument claim before this court, that she was not notified of the scheduled pretrial conference, must be correct because "there is nothing in the record that disputes these contentions." On the contrary, the record very clearly disputes the plaintiff's contentions because the record shows that the plaintiff was given regular mail notice, which notice is presumed to have been received just as other regularly mailed orders directed to the plaintiff were received. See trial court docket entries # 14, # 17, # 21 and # 29.

The trial court determined, in its discretion, that the utter lack of progress of this case for a period of more than four years, including a history of dismissal of the case two years earlier for nonprosecution and reinstatement by the court followed by the plaintiff's failure to appear at the pretrial conference, warranted the exercise of the court's inherent power and Rule 41(b) authority to dismiss the case. There is not the slightest basis in this record to conclude that the district court abused its discretion in reaching that conclusion, and we are without authority to substitute our own discretion for the trial courts.

What is far more important than how this particular case is decided, however, is the manner in which it is decided. My colleagues have announced a new rule of law to govern this case, and presumably all cases like it to come hereafter, that is heretofore unknown in this circuit. The rule announced today is:

> [I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct."

Thus, for the first time insofar as I know, this court announces a rule that no district court in this circuit may dismiss a case for want of prosecution unless it has given notice that "dismissal is contemplated," Rule 41(b) to the contrary notwithstanding. Presumably, only if such notice is given may the case dismissal authority conferred by 41(b) be exercised. But more than that, the court declares, by negative implication, that in a case in which a plaintiff fails to prosecute the case appropriately but the trial court fails to give "notice that dismissal is contemplated," it may dismiss the case *only* if it finds that the derelict party "has engaged in 'bad faith or contumacious conduct.'" The conditions created by the court's newly made rules are not to be found in Congress' idea about the trial court's authority to dismiss for want of prosecution, because such conditions are no part of Rule 41(b).

Quite aside from this court's complete lack of authority to rewrite Rule 41(b), the rule announced by the panel today is neither a correct nor necessary application of the *somewhat* like-minded announcements of two panels of this court speaking per curiam in earlier cases.

In *Carter v. City of Memphis, Tennessee*, 636 F.2d 159 (6th Cir.1980), the court, in a divided per curiam opinion, set aside the decision of a district court which dismissed a plaintiff's civil rights complaint because the plaintiff failed to file a timely proposed pretrial order, failed to conduct timely discovery, and filed a "document called a Supplement Brief, most of which is totally irrelevant to the issues in the lawsuit." Citing two Fifth Circuit cases, the *Carter* majority announced that absent a showing of "a clear record of delay or contumacious conduct by the plaintiff," an "order of dismissal is an abuse of discretion," and a district court is "limited to lesser sanctions designed to achieve compli-

---

3.  District Court docket entry # 19 states:
    ORDER that the unopposed motion of pltf. to reinstate this action is granted; all discovery shall be concluded within 60 days of the date of this order; all dispositive motions shall be made within 30 days from the close of dis-

    covery; a final settlement conference shall be held at 10:00 a.m. on 10/14/86 filed. Lambros, J. Issued. (1 p) (7/22/86).
    The expression "Issued. (1 p)" is the record entry that the subject order was mailed to the *pro se* plaintiff by the clerk of the court.

ance," citing *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382 (5th Cir.1978). Although subscribing to the Fifth Circuit's engraftment onto Rule 41(b) of a purposeful "delay or contumacious conduct" requirement as the requisite predicate for dismissal with prejudice, the real basis for the actual holding in *Carter* suggests mere appellate disagreement with a trial court's discretionary judgment and nothing more:

> Notwithstanding plaintiff's attorney's conduct, in our view, the district court abused its discretion in dismissing the complaint. The plaintiff is blameless. Plaintiff's attorney did file some papers indicating his prosecution of the case and his view of the case. There is no finding or evidence that defendant was prejudiced by plaintiff's dereliction or that the plaintiff could not make the case ready for trial on December 20. Defendant did not move for dismissal on the ground of plaintiff's noncompliance with the pre-trial order. Both attorneys seem equally dilatory.

*Carter*, 636 F.2d at 161.

In 1985, another panel of this court filed a per curiam opinion in *Patterson v. Township of Grand Blanc*, 760 F.2d 686 (1985). In that case, the district court dismissed the plaintiff's case, finding that the plaintiff

> has ignored the court's February 13, 1984 order to serve defendants with his motion to amend and proposed amended complaint. Furthermore, he has ignored this court's February 24, 1984 order to confer with defendants to prepare and file a joint pretrial statement.

This court's panel disagreed with the district court's judgment and, after citing a Fifth Circuit decision, the previously cited divided per curiam opinion in *Carter*, and a Yale Law Journal article, declared that dismissal of the plaintiff's case was an abuse of discretion. The panel in *Patterson*, then, in a curious trial court-like order, directed conditional reinstatement of the plaintiff's case upon compliance with three conditions imposed by the appellate court, being satisfied presumably that noncompliance with the appellate court's conditions

for moving the case would justify dismissal whereas noncompliance with the district court's conditions had not.

Finally, the panel today relies upon *Bishop v. Cross*, 790 F.2d 38 (6th Cir.1986), in which a federal district court dismissed the plaintiff's complaint because the individual plaintiffs failed to appear at the voir dire—which presumably means the voir dire examination of the jury. The plaintiffs, who were truck driver brothers and represented by counsel, did not appear at the voir dire examination because they were unaware that they were required to appear. Their attorney did appear and was prepared to proceed.

A panel of this court reversed the district court's order dismissing the case, giving for its reason that the district court "failed to articulate the legal basis for its absolute requirement that both plaintiffs be present throughout the voir dire" and in all events had not made that requirement known to plaintiff's counsel. In addition, the panel held that the case was being dismissed "because the legal basis for the court's requirement is not apparent from its decision and has not been cited to us on appeal."

*Bishop*, therefore, while noting the existence of *Carter*, did not reverse the district court's decision for any violation of the *Carter* standard, but because the basis for the district court's dismissal order was not clear from the record and was not self-evident.

From a careful reading of *Carter, Patterson,* and *Bishop*, I am satisfied that despite paying some obeisance to the Fifth Circuit's reading of Rule 41(b), no panel of this court ever intended to announce, and indeed has not announced, the adoption of a new rule of law effectively modifying Fed.R.Civ.P. 41(b) to condition a district court's power to dismiss a case for want of prosecution upon either advance notice that the dismissal authorized by the rule "is contemplated," or, absent that, a factual record demonstrating that "the derelict party has engaged in 'bad faith or contumacious conduct' "—and understandably

so, since that power is reserved to Congress.

The district court in this case has demonstrated an abundance of patience. Like nearly all federal district courts, the court below has a massive docket and a serious responsibility to move every case on the docket with reasonable promptness. An ever-increasing percentage of all district court dockets in this circuit include civil cases in which the plaintiffs are proceeding *pro se*. Most district courts are extraordinarily patient and understandably lenient with *pro se* litigants who are unfamiliar with the rules of procedure. That was the situation in this case. Judge Lambros dismissed the case once when the plaintiff's attorney was relieved and the court was not advised of the attorney's discharge, and reinstated the case to permit the plaintiff to proceed *pro se*. No progress whatever was made in the case. The plaintiff failed to appear at the pretrial conference after, according to the records of the district court, being properly notified of the scheduled pretrial conference. The case was more than four and one-half years old and has moved no closer to readiness for trial than it was on the day it was filed.

In my judgment, there is nothing in the record that permits the conclusion that the district court abused its discretion in exercising its inherent power to dismiss this case or to apply the provisions of Rule 41(b), whichever route the district court adopted.

What is more serious, it seems to me, is the court's implicit effort to rewrite Rule 41(b) to modify a district court's authority to dismiss a case under that rule by adding a requirement that dismissal may not be ordered under the rule unless contumacious conduct or bad faith by the plaintiff be shown. Even if that were the rule of the circuit, and I think it is not, this court has no authority to adopt such a rewrite of Rule 41(b), and I respectfully dissent from its doing so.