880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ora KING, Plaintiff-Appellant,
v.
SHELBY RESIDENTIAL & VOCATIONAL SERVICES, Defendant-Appellee.
 No. 87-5589.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1989.
 
 Before KEITH and WELLFORD, Circuit Judges, and HORACE W. GILMORE*, District Judge.
 PER CURIAM.
 
 
 1
 The appellant, Ora King, appeals from a dismissal of her employment discrimination case against the defendant, Shelby Residential & Vocational Services. After the plaintiff's attorney failed to file a more definite statement as ordered by the district court, the judge dismissed the case sua sponte, with prejudice. There is no question that district judges have the authority to take strong action in order to maintain the integrity of the docket. The only question is whether, considering all the surrounding circumstances, dismissal with prejudice was an abuse of discretion.
 
 
 2
 The defendant is a non-profit corporation organized and existing under the laws of the State of Tennessee and is engaged in the care and sheltering of retarded adults. From January 9, 1984 to March 15, 1985, King was employed in Memphis by the defendant as an assistant house manager at a monthly rate of $800.00. King alleges that the defendant promised to pay her overtime compensation for all hours worked in excess of 40 hours per week. According to the plaintiff, she worked in excess of 40 hours per week frequently, but the defendant never paid any overtime compensation. King also charges that she was denied a promotion to house manager on the basis of her race.
 
 
 3
 The plaintiff-appellant filed her complaint in this action on September 25, 1986. On November 13, 1986, the defendant filed a motion for a more definite statement. This motion was granted on January 5, 1987. In its January 5, 1987 Order, the district court directed King to file, within twenty days, a more definite statement of the complaint "or the case will be dismissed."
 
 
 4
 King did not file a more definite statement within the twenty-day period prescribed by the court, nor in the succeeding period of approximately two months. On March 26, 1987, the district court dismissed the complaint with prejudice. The plaintiff then filed an April 8, 1987 motion to set aside the order of dismissal, citing an alleged "agreement between counsel" that a more definite statement need not be filed to comply with the district court's order. Judge Gibbons considered and then rejected the plaintiff's proffered explanation, citing King's failure to notify the court of the alleged agreement or to otherwise file any documents in the case. King then filed this appeal. Counsel for the defendant-appellee in his argument stated that he never entered into any agreement with the plaintiff to disregard the court's order for a more definite statement.
 
 
 5
 The seminal case in this area is the Supreme Court's decision in Link v. Wabash Railroad Company, 370 U.S. 626 (1962), in which the Court stated: "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Id. at 629. Justice Harlan, writing for the majority, stated that the authority of a court to dismiss sua sponte for lack of prosecution is an "inherent power," governed not by rule or statute "but by the control necessarily vested in the courts to manage their own affairs." Id. at 630. The Court rejected the argument of the petitioner that dismissal of the claim because of counsel's inexcusable conduct imposes an unjust penalty on the client, stating "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney,' " quoting Smith v. Ayer, 101 U.S. 320, 326 (1879).
 
 
 6
 In Coston v. Detroit Edison Company, 789 F.2d 377 (6th Cir.1986) (per curiam), we upheld the district court's dismissal of an employment discrimination case because of the attorney's repeated failure to appear at scheduled pretrial conferences before the magistrate, despite at least one court order requiring his presence. We agreed that dismissal with prejudice under these circumstances was within the permissible range of the district judge's discretion. Compare, however, Carter v. City of Memphis, Tennessee, 636 F.2d 159 (6th Cir.1980).
 
 
 7
 We believe the facts in this case demonstrate "a clear record of delay" and a failure to respond to a clear order justifying the lower court's sua sponte dismissal. See Carter, 636 F.2d at 161. The plaintiff's attorney was directed by the lower court, in a January 5, 1987 written order, to file a more definite statement within twenty days. The order explicitly stated that failure to supply the requested statement within the designated time period would result in dismissal of the case.
 
 
 8
 Approximately two and one-half months after the court's direct and unambiguous order, plaintiff's counsel had neither filed a more definite statement nor offered any explanation for his failure to do so. After Judge Gibbons dismissed the case, giving a full measure of time for response, it was only then that the plaintiff requested that the order be set aside, citing the alleged agreement between counsel. The record shows that Judge Gibbons considered the motion, and determined that the plaintiff's proffered explanation was inadequate. We believe the district judge's actions in this case were reasonable and necessary to the effective administration of the court's busy docket.
 
 
 9
 Accordingly, we AFFIRM Judge Gibbons' decision.
 
 
 
 *
 THE HONORABLE HORACE W. GILMORE, United States District Court for the Eastern District of Michigan, sitting by designation