920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
William BOSTON, Boston, Bates & Holt, Defendants-Appellees.
 No. 89-6414.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Earlene Polyak, a pro se Michigan resident, appeals the district court's order dismissing her legal malpractice action filed pursuant to 28 U.S.C. Sec. 1332. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This case is another in a series of actions involving a Tennessee state court suit brought against Polyak by her siblings which resulted in the partition sale of a tract of land and a dwelling which they had inherited as tenants in common from their parents. In this suit, Polyak sought damages and injunctive relief from William Boston and his law firm, Boston, Bates & Holt, alleging that Boston committed malpractice by representing her siblings in the partition suit. Specifically, Polyak alleged that Boston divided his loyalties when he chose to represent her siblings against her, because he had previously, at a much earlier date, represented both her and her siblings in probating the property in question.
 
 
 3
 Subsequent to the filing of Polyak's complaint on July 1, 1986, the district court scheduled final pre-trial conferences on seven occasions in an attempt to clarify the issues prior to trial. The first six attempts to hold such a conference were continued because Polyak claimed her health would not permit her to attend. After Polyak failed to attend the ninth scheduled conference, the district court dismissed her action pursuant to Fed.R.Civ.P. 41(b). During this period, Polyak filed a motion to recuse, which was denied. Polyak has filed a timely appeal, challenging both the dismissal of her suit and the denial of the motion to recuse. In addition, she has filed a motion for miscellaneous relief, seeking the return of her filing fee and other expenses on appeal.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons stated on the record on September 15, 1989, as adopted by the district court's orders dated September 15, 1989.
 
 
 5
 The district court properly denied Polyak's motion to recuse because it did not satisfy the requirements necessary for the disqualification of a federal judge pursuant to 28 U.S.C. Secs. 144 and 455(a). See Easley v. University of Michigan Bd. of Regents, 853 F.2d 1351, 1355-56 (6th Cir.1988); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir.1988), cert. denied, 488 U.S. 1018 (1989). Further, the district court did not abuse its discretion in dismissing Polyak's action pursuant to Fed.R.Civ.P. 41(b) based upon her failure to comply with the court's orders regarding pre-trial conferences. See Link v. Wabash Railroad Co., 370 U.S. 626, 633 (1962); Coston v. Detroit Edison Co., 789 F.2d 377 (6th Cir.1986) (per curiam).
 
 
 6
 Accordingly, the motion for miscellaneous relief is hereby denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.