922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley ZONA and Deanna Zona, Plaintiffs-Appellants,
v.
LINCOLN LOG HOMES, INC., Defendant-Appellee.
 No. 90-3275.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 On January 28, 1988, Stanley and Deanna Zona, plaintiffs, filed a complaint alleging breach of contract against defendant Lincoln Log Home, Inc., (Lincoln). The district court scheduled an initial pretrial on February 25, 1988, and set a discovery cutoff date for April 29, 1988. Another post-discovery pretrial was set for May 3, 1988.
 
 
 2
 One day before the cutoff day for discovery, the parties jointly sought an extension of the discovery date, and the motion was granted. Thereafter, the court issued an order resetting the date for discovery cutoff and setting the date for submission of the parties' pretrial statements. Pretrial statements were to be submitted on or before July 29, 1988, according to this subsequent court action. Id.
 
 
 3
 On July 29, 1988, the date for submission, the parties again sought an extension of time in order to file the pretrial statement based on "an extensive discovery process [that] is ongoing and will not be finished for another forty-five to sixty days." Despite the assertion by plaintiffs' counsel that the filing of a pretrial statement would be "impossible" until discovery was completed, the district court, by marginal notation, denied the motion. On September 22, 1988, plaintiffs made a motion to amend the complaint, which was denied.
 
 
 4
 On January 26, 1989, the district court instructed plaintiffs to submit the pretrial statement that had been due on July 29, 1988, approximately six months before. The statement not having been filed, the district court, on March 30, 1989, dismissed the case with prejudice pursuant to Fed.R.Civ.P. 41.
 
 
 5
 On April 17, 1989, the plaintiffs made a motion to reinstate the complaint, stating that the reason the pretrial statement was not filed was because of an "ensuing possibility of settlement at the time they were to be filed." The district court denied this motion and plaintiffs now appeal.
 
 
 6
 This is an appeal from denial of plaintiffs' "supplemental motion to reinstate complaint with motion to file pretrial statement instanter." This motion was filed ten "working" days after the court's order dismissing the case. Although not styled as a Fed.R.Civ.P. Rule 59 or 60 post-judgment motion for relief, it may be construed as such. If considered a Rule 59 motion for reconsideration or rehearing, it should be determined whether the motion was timely and set forth sufficient grounds for relief. If considered a Rule 60(b) motion, once again it needs to be considered as to timeliness and whether any ground under Rule 60(b) has sufficiently been demonstrated by plaintiffs as warranting relief. The district court indicated no basis for denial under these standards and we therefore must remand for explanation of the basis for denial.
 
 
 7
 If, on the other hand, this were deemed to be a timely appeal on the merits of the dismissal, we find it appropriate to discuss the principles applicable to a dismissal based on counsel's failure to conform in a timely fashion to a district court's procedural order.
 
 
 8
 In Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1961), the Supreme Court held that courts have the inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."
 
 
 9
 Neither party on appeal cites to any Sixth Circuit cases discussing this issue. We have held that a dismissal with prejudice is a harsh remedy. See Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980); Holt v. Pitts, 619 F.2d 558, 562 (6th Cir.1980). We have reversed the dismissal of cases when the district court failed to put the derelict party on notice that further noncompliance might result in dismissal. See, e.g., Carter, 636 F.2d at 159 (penalty of dismissal applies only in "extreme situations" of deliberate delay or "contumacious conduct"); Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986) (dismissal requires a "degree of willfulness, bad faith or contumacious conduct"); Holt v. Pitts, 619 F.2d at 562. But compare Coston v. Detroit Edison Co., 789 F.2d 377, 379 (6th Cir.1986) (repeated failure of counsel to appeal both at trial proceedings and on appeal without excuse justifies its dismissal).
 
 
 10
 We last discussed this issue in Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988). The Harris majority concluded: "In the absence of notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Id. at 1256.
 
 
 11
 Nowhere in the record does it clearly show that plaintiffs were put on notice that the district court was contemplating dismissal for their persistent failures. Accordingly, we must consider whether plaintiff "has engaged in 'bad faith or contumacious' conduct."
 
 
 12
 A pro se plaintiff who was not on notice that she was required to attend a pretrial conference was held not to have displayed bad faith or contumacious conduct when she failed to appear for the conference. Id. at 1256. We reversed the district court's dismissal of her action, but the plaintiff was not represented in that case.
 
 
 13
 In Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986), we reversed dismissal of a civil rights claim, because the district court failed to articulate the legal basis for his absolute requirement that both plaintiffs be present throughout a voir dire. We noted, moreover, that the parties were not on notice that they were required to attend the voir dire, and the alleged derelict party had complied completely with the discovery schedule and the court's pretrial order. Id.
 
 
 14
 In Coston v. Detroit Edison Co., 789 F.2d 377, 379 (6th Cir.1986), we affirmed a district court's dismissal concluding no abuse of discretion had occurred. In Coston, the derelict party's counsel failed to appear on several occasions under circumstances deemed unacceptable to the court. Most important, on appeal to this court plaintiff's counsel once again failed to appear. Id. at 378.
 
 
 15
 Plaintiffs here were not only late in filing a pretrial statement, but tendered this document only after dismissal. We are not satisfied, however, that the conduct in question was equivalent to "bad faith or contumacious conduct." Therefore, we REMAND for further consideration by the district court in light of the authorities cited and discussed,[1] whether a penalty and/or sanctions should be mandated rather than the case dismissed with prejudice.
 
 
 
 *
 THE HONORABLE KARL S. FORESTER, Judge, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 We note for the record that the district court's mandated pretrial requirements are massive and perhaps more detailed than contemplated under the Federal Rules of Civil Procedure