138 F.3d 612
 40 Fed.R.Serv.3d 28
 Debra STOUGH, Individually and as next friend of Eric Lee
Stough, a minor, Plaintiffs-Appellants,
v.
MAYVILLE COMMUNITY SCHOOLS, Harriet O'Brien, and Christine
Sutton, a.k.a. Robin Sutton, a.k.a. Robin Metz,
Jointly and Severally, Defendants--Appellees,
Lawrence Geiger, Defendant.
 No. 96-2452.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 30, 1998.
Decided March 11, 1998.
 
 Hugh M. Davis, Jr. (argued), Constitutional Litigation Associates, Kevin S. Ernst (briefed), Detroit, MI, for Plaintiffs-Appellants.
 Roy H. Henley (argued), Gordon W. Van Wieren, Jr. (briefed), Thrun, Maatsch & Nordberg, Lansing, MI, for Defendants-Appellees.
 Before: NELSON, SUHRHEINRICH, and GILMAN, Circuit Judges.
 OPINION
 GILMAN, Circuit Judge.
 
 
 1
 Plaintiffs Debra and Eric Stough ("Stough") appeal from the district court's dismissal of their case on procedural grounds. In dismissing the case, the district court judge relied upon Eastern District of Michigan Local Rule 7.1(c), which requires parties to file all responses to motions within ten days after service of the motion. In this case, Defendants-Appellees Mayville Community Schools, Harriet O'Brien, and Christine Sutton (collectively "Mayville") submitted two summary judgment motions that Stough failed to respond to within the allotted time. In his order dismissing the case, the district court judge did not comment on the merits of Mayville's motions. Rather, he deemed the motions unopposed and, hence, granted the motions. For the reasons set forth below, we find that the district court's dismissal of the case was an abuse of discretion. We therefore reverse.
 
 I. FACTUAL BACKGROUND
 
 2
 On October 26, 1995, Stough filed suit in the Eastern District of Michigan. Stough alleged, inter alia, that Mayville violated 42 U.S.C. § 1983 as well as state law. The district court refused to exercise jurisdiction over the state law claims, causing Stough to refile the dismissed state law claims in state court. Relying exclusively on procedural grounds, the Michigan state court dismissed the claims, and Stough appealed. Subsequently, on December 9, 1997, the Michigan Court of Appeals reversed the state trial court's ruling. The Michigan Court of Appeals held that the trial court judge did not provide sufficient findings to justify the harsh sanction of dismissal. The Michigan appellate court also intimated that the facts did not appear to support the finding that Stough's procedural defaults involved the willful misconduct and prejudice to the defendant necessary to justify a sanction of dismissal.
 
 
 3
 On February 5, 1996, in the federal district court, Mayville filed a motion for partial summary judgment. The motion argued for the dismissal of Stough's claims under 42 U.S.C. §§ 1981 and 1984. After the filing of the partial summary judgment motion, Stough's original counsel withdrew from representation because of a severe cardiac condition. Despite standard instructions from the court requesting all parties to timely respond to motions, Stough's new counsel failed to respond to the partial summary judgment motion. Subsequently, on April 30, 1996, the district court granted Mayville's motion. Notwithstanding Stough's failure to respond to the motion, the court issued an opinion discussing its merits. The judge also issued an order to show cause why Stough should not pay Mayville's costs. But Stough timely responded to the order, and the judge refrained from sanctioning Stough.
 
 
 4
 On July 19, 1996, prior to the date when the Michigan Court of Appeals reversed the dismissal of Stough's state law claims, Mayville filed a summary judgment motion alleging res judicata regarding Stough's § 1983 claim. Specifically, this motion alleged that the dismissal of the state claim precluded consideration of the federal claim. On August 12, 1996, Mayville filed a supplemental summary judgment motion outlining several additional legal theories to defeat Stough's § 1983 claim.
 
 
 5
 Stough contends that on August 30, 1996, the secretary to Stough's counsel telephoned the district court judge's law clerk and informed him that they intended to respond to Mayville's summary judgment motions. According to the secretary, the law clerk indicated that he would include a note in the case file discussing Stough's intentions to oppose the summary judgment motions. On September 24, 1996, the district court's law clerk left a message with Stough's attorneys to call about the case. Stough's attorney promptly returned the law clerk's call and left a message that the opposition briefs would be filed "within the next few days." Stough's attorney implied in his message that he was having difficulty obtaining witness statements and affidavits, and requested that the law clerk call back if the anticipated submission date was unacceptable. The law clerk did not return this call.
 
 
 6
 On September 26, 1996, the district court dismissed Stough's suit. Stough did not receive any notice that the court was contemplating this sanction. The district court judge determined that pursuant to Eastern District of Michigan Rule 7.1(c), Mayville's summary judgment motions were unopposed, and therefore dismissed Stough's claims without considering the merits of the motions. On September 30, 1996, the Monday following the court's order, Stough filed a motion for relief from judgment, a response to the order to show cause, and lengthy responses to Mayville's summary judgment motions. On October 21, 1996, the court denied Stough's motion for relief from judgment.
 
 II. STANDARD OF REVIEW
 
 7
 This court will reverse a dismissal for noncompliance with local rules only upon a finding of abuse of discretion. Carver v. Bunch, 946 F.2d 451, 452 (6th Cir.1991). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard. Id. at 615. In other words, the reviewing court must determine that the lower court's action leaves it with "a definite and firm conviction that the trial court committed a clear error of judgment." Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir.1996) (citation omitted), cert. denied, --- U.S. ----, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997).
 
 III. ANALYSIS
 
 8
 In Carver, supra, the district court dismissed the plaintiff's claim because he failed to file a response to the defendants' motion to dismiss. 946 F.2d at 451-52. The district court held that pursuant to a Kentucky local rule, the court had the discretion to dismiss an action when the nonmoving party failed to file a timely response to a motion. Id. The plaintiff attempted to get an extension of time to respond to the defendants' motion, but the district court denied the request for an extension. Id. at 452. Kentucky Local Rule 6(b)(1)(A) required an opposing memorandum to be filed within fifteen days from the date of service. Id. The rule also provided that "[f]ailure to file an opposing memorandum may be grounds for granting the motion." Id. at 452-53. Of key importance was the fact that, in its order dismissing the case, the district court did not consider the merits of the underlying motion. Id.
 
 
 9
 On appeal, this court reversed the district court and held that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." Id. at 455. The court bolstered its holding by considering the "overall structure of the Federal Rules." Id. at 454. The federal rules require that the party filing a motion for summary judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact." Id. The court added, "[m]ore importantly, for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond." Id. at 455.
 
 
 10
 While noting that district court judges possess broad discretion to sanction parties for failure to comply with procedural requirements, the Carver court stated that when a "local rule is utilized for the outright dismissal of an action, we take greater notice." Id. at 453. The Carver court determined that the district court's application of the Kentucky local rule conflicted with Rule 41(b) of the Federal Rules of Civil Procedure, which sets forth the criteria to dismiss a case for failure to prosecute. Id. The court further observed that dismissing a claim for failure to prosecute "is a harsh sanction which the court should order only in extreme situations showing a 'clear record of delay or contumacious conduct by the plaintiff.' " Id. at 454 (quoting Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir.1980)). The Carver court then concluded that a district court can dismiss an action on the grounds of noncompliance with a local rule governing responses only if the behavior of the nonmoving party rises to the level of a failure to prosecute under Rule 41(b). Id.
 
 
 11
 Following the rationale in Carver, we must consider the dismissal in this case as occurring under Rule 41(b) of the Federal Rules of Civil Procedure. When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. See Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-55 (6th Cir.1988).
 
 
 12
 Stough draws our attention to Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988), as another case in point. In Harris, this court reversed the district court's dismissal for failure to attend a pretrial conference. The Harris court stated that "we extract the principle that in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Id. at 1256. Prior notice, or the lack thereof, is thus a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b).
 
 
 13
 Mayville argues that Carver and Harris do not control the instant case. Instead, Mayville compares the instant case to Coston v. Detroit Edison Co., 789 F.2d 377 (6th Cir.1986) (per curiam). In Coston, we affirmed the district court's dismissal of a case for failure to appear at three separate court conferences. Id. at 378. Notably, Coston's counsel requested oral argument before this court on appeal, but failed to appear after opposing counsel traveled from Michigan to attend the argument. Id. Mayville argues that Stough's untimely responses to three separate motions plus a failure to timely respond to a discovery request constitute behavior that rises to the level of the conduct we sanctioned in Coston.
 
 
 14
 We are not persuaded by Mayville's analogy. The type of conduct sanctioned in Coston differs significantly from the behavior in the instant case. Stough, like the plaintiff in Carver, failed to timely file responses to motions. While a pattern of this type of behavior may be sanctionable, it does not tax the court's time in the same manner as failing to appear for court conferences. The Coston court commented that "[t]he plaintiff's problem here was his chosen attorney's failure to appear on repeated occasions under circumstances deemed unacceptable to the court, not mere dilatory conduct involving failure to file a specified document." Coston, 789 F.2d at 379 (emphasis added). Contrary to Mayville's suggestions, Stough's conduct, consisting of several failures to timely file responses, is closer to the latter conduct described by the Coston court.
 
 
 15
 As Stough observes, the district court did not make a specific finding of either bad faith by Stough or prejudice to Mayville as a result of the delay. In the absence of such a finding, the court should have provided notice that it was contemplating dismissal. On the present record, dismissal pursuant to Rule 41(b) was inappropriate. Although it is true that at least one of the responses was over one month late, this fact standing alone does not indicate either bad faith or contumacious conduct.
 
 
 16
 Mayville invites this court to affirm the dismissal on grounds not considered by the district court. Specifically, Mayville asserts that Stough violated an order compelling discovery. After a seemingly routine discovery dispute, Mayville filed a motion to compel and obtained an order on August 21, 1996. Thereafter, Stough served additional discovery responses, which Mayville contends were inadequate. Violation of a discovery order can certainly support a dismissal under Rule 41(b) in some circumstances. See Harmon v. CSX Transportation, Inc., 110 F.3d 364 (6th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997). However, there has been no determination by the district court that Stough violated the August 21, 1996 order or that any violation was "sufficiently egregious" to warrant dismissal. See id. at 369. On remand, the district court can consider appropriate sanctions both for Stough's delay in responding to Mayville's summary judgment motions and for any other dilatory conduct it may find. We also decline Mayville's invitation to pass on the merits of its dispositive motions, leaving that in the first instance to the district court.
 
 IV. CONCLUSION
 
 17
 After a careful review of the existing record, we conclude that Stough's behavior did not rise to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, we reverse the district court's order dismissing this case and remand for further proceedings in accordance with this opinion.