ORDER

Lisa Barclay, an Ohio resident proceeding pro se, appeals from the district court’s dismissal of her appeal from the bankruptcy court. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
The district court, pursuant to Federal Rule of Bankruptcy Procedure 8001(a), granted the trustee’s motion to dismiss the appeal, on the grounds that Barclay failed to file the proper designation of the record, as required by Federal Rule of Bankruptcy Procedure 8006, and failed to file her opening brief in a timely manner, as required by Federal Rule of Bankruptcy Procedure 8009. This appeal followed.
Federal Rule of Bankruptcy Procedure 8001(a) grants the district court authority to dismiss appeals for non-prosecution. Cf. Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988) (in the absence of notice that dismissal is contemplated under Fed.R.Civ.P. 41(b), the district court should impose penalty short of dismissal unless derelict party has engaged in “bad faith or contumacious conduct”). The late filing of a required document does not *294 justify the dismissal of the appeal absent a showing of bad faith, negligence, or indifference. Third Nat’l Bank v. Winner Corp. (In re Winner Corp.), 682 F.2d 658, 660-61 (6th Cir.1980).
A district court’s dismissal for non-compliance with non-jurisdictional bankruptcy rules is reviewed for an abuse of discretion. Fitzsimmons v. Nolden (In re Fitz-simmons), 920 F.2d 1468. 1471 (9th Cir. 1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. Id. at 615.
Upon review, we conclude that the district court did not abuse its discretion when it dismissed Barclay’s appeal for non-prosecution. Barclay has shown a complete indifference to the rules of the bankruptcy appeals proceeding. The district court, in an attempt to avoid any injustice, gave Barclay numerous time extensions in which to file her opening brief. Additionally, the court gave Barclay the opportunity to cure the deficient record; going so far as to issue an order directing Barclay to cause the mandatory transcripts to be filed. Barclay failed to comply with this order. Thus, despite the district court’s willingness to presume that Barclay’s non-compliance with the rules was in good faith. Barclay continuously demonstrated indifference to the court’s order and deadlines which resulted in the dismissal of her appeal. The dismissal was, therefore, not an abuse of discretion.
Accordingly, the district court’s order dismissing Barclay’s bankruptcy appeal pursuant to Fed. R. Bankr.P. 8001(a)(1) is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.