David A. KERSH, Plaintiff,

v.

BORDEN CHEMICAL, A DIVISION OF BORDEN, INC., A Foreign Corporation, Defendant.

BORDEN, INC., A Foreign Corporation, Third–Party Plaintiff,

v.

LIFE DISTRIBUTING, INC., a Michigan corporation, and Polar Foam, a Michigan corporation, Third–Party Defendants.

Civ. A. No. 82–CV–74444–DT.

United States District Court, E.D. Michigan, S.D.

June 14, 1988.

David A. Kersh, in pro. per.

Allan Meganck, Detroit, Mich., Daniel J. McCarthy, Troy, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., District Judge.

On May 19, 1988, this Court issued an Order which directed the Plaintiff, David A. Kersh, to appear before this Court on May 31, 1988 at 8:30 p.m. and show cause:

why a permanent injunction should not be be entered that would bar him from filing any new lawsuits in the United States District Court for the Eastern District of Michigan or in the Michigan state courts without leave of this court. The hearing shall also consider the appropriate scope, if any, of such a permanent injunction.

On the same date, the Court, after discovering a typographical error within the Order, issued a second Order which clearly established that the hearing would be conducted at 8:30 in the morning—not at 8:30 in the evening.

This Order read, in pertinent part:

It is the order of this Court that the Plaintiff, David Kersh, shall appear before this Court at 8:30 a.m. on May 31, 1988. The remaining portions of the previously issued May 19, 1988 Order, to which reference has been made, shall remain undisturbed and with full force and effect. *Should Kersh fail to appear at the scheduled time and place, his case shall be dismissed.*

(Emphasis added).

It is evident from the record that Kersh had full notice of the latter Order. This is demonstrated by the first paragraph of Kersh's "Motion and Brief in Support of Request for Safe Passage and Adjournment of Hearing," which was filed on May 27, 1988 in which he acknowledged "[t]hat this court has ordered the plaintiff to appear on May 31, 1988 at 8:30 A.M. or have his case dismissed."

On May 31, 1988, Kersh failed or refused to appear in Court at the scheduled hearing. As a result, this Court dismissed his

Complaint with prejudice. Immediately thereafter, this Court memorialized its dismissal of the Complaint in an Order which stated:

> Despite this Order [to Show Cause], the Plaintiff failed to appear at the May 31st hearing. Thus, for the reasons which were stated on the record in open court during the hearing, the Plaintiff's Complaint is dismissed with prejudice. Costs and attorney fees are awarded the Defendant. In addition, this Court will issue a Memorandum Opinion and Order which will provide a more detailed analysis of its reasoning for the dismissal.

The Court will now explicate more fully its reasons for the dismissal. *Fed.R.Civ.P.* 41(b) provides that an "involuntary dismissal" may be entered by the Court "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court...." The Supreme Court, in *Link v. Wabash Railroad Co.,*[1] made clear that such dismissals did not necessarily have to be requested by the parties because courts have the inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." The *Link* court also explained that the parties may have certain rights to receive notice of the court's possible actions.[2]

In the very recent case of *Harris v. Callwood,*[3] the Sixth Circuit Court of Appeals clarified the obligations of a trial court with regard to the *sua sponte* dismissal of a Complaint under *Fed.R.Civ.P.* 41(b). The panel majority examined previous Sixth Circuit precedents and concluded that:

> From these cases we extract the principle that in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct."[4]

Thus, *Harris* establishes that there are two sets of circumstances in which a trial court may *sua sponte* dismiss a case. In a situation in which one party has engaged in conduct that was carried out in "bad faith" or is deemed to be "contumacious," the trial court need not give advance notice of a potential dismissal. However, in the absence of such conduct, a trial court may dismiss the proceedings as a method of sanction only if the parties have been given notice of its intent.

The facts of *Harris* amply illustrate why a dismissal was justified here under both rationales. Harris' *pro se* case was dismissed largely on the basis of her failure to comply with the pretrial order of the court to appear for a final conference prior to trial. The Court of Appeals for the Sixth Circuit reversed the dismissal because it found that (1) the Plaintiff had never been advised in advance that dismissal was contemplated, and (2) the trial court never made a finding of bad faith.[5]

In this case, neither of those defects is present. The May 19th Order of this Court, as amended, clearly and unequivocally informed Kersh that his failure to appear would result in the dismissal of his Complaint. Moreover, this case has been pending for six years. The May 31st hearing involved an issue of whether to enjoin Kersh from being able to file a lawsuit without the authority of this Court. Kersh's outright defiance of an order, as exemplified by his refusal to attend a session of this Court, simply cannot be condoned.

There is a second reason why the dismissal of this case was justified. Kersh's willful disobedience of the May 19th Court Order, as amended, is only one of a series of actions which amply demonstrate his bad faith and contumacious conduct. The following actions by Kersh regarding opposing parties were outlined in the May 19, 1988 Order to Show Cause:

---

**1.** 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed. 2d 734 (1962).

**2.** *Id.* at 632, 82 S.Ct. at 1389.

**3.** 844 F.2d 1254 (6th Cir.1988).

**4.** At 1256.

**5.** At 1256.

1. He failed or refused to attend three independent physical examinations which had been scheduled by Polar Foam in connection with the instant cause. Polar Foam was subsequently obligated to assume the costs of the court reporter and the medical doctor, as well as the legal fees and costs which were incurred by the necessity of its counsel having set up the exams.

2. He failed or refused to sign a release which would have enabled Polar Foam to obtain copies of certain pertinent records from the Southfield, Michigan Fire Department.

3. He repeatedly failed to comply with a June 18, 1986 directive from this Court to release and surrender certain records which had been determined to be relevant to the controversy and appropriate for discovery purposes.[*]

4. Borden's Second Supplemental Interrogatories were not answered by Kersh for a period of approximately nineteen months.

5. Borden was obligated to schedule Kersh's deposition on six separate occasions. Each deposition was rescheduled by Borden at the specific request of Kersh who generally cited other court commitments as the basis for the adjournment requests.

---

[*] On November 19, 1987, this Court restricted Kersh from using or attempting to introduce certain information and/or documentation during a trial as a result of his failure to comply with an earlier Order of this Court. It should be noted that Kersh had counsel at one time during the course of these proceedings. However, the ruling of this court was premised on Kersh's failures, not those of his counsel.[6]

Kersh has repeatedly failed to comply with other court directives and made numerous misrepresentations to the Court. These were also outlined in the May 19, 1988 Order:

1. Despite repeated warnings by this Court, he has often failed or refused to serve legal papers or pleadings on opposing counsel.

2. Kersh has repeatedly sought delays in the commencement of these proceed-

ings where the circumstances have suggested bad faith by him:

a. He sought to cancel an October 27, 1987 hearing before this Court on the basis of an alleged medical examination at Mayo Clinic when, in fact, the attached documentation reflected a medical examination of November 10, 1987.[*]

b. He scheduled elective surgery on a date which was designed to deliberately interfere with a court proceeding of this Court.[**]

c. Despite representing to this Court that he was too ill for trial or to participate in legal proceedings, Kersh actively: initiated proceedings in Oakland County (Michigan) Circuit Court on March 11, 1988 by filing a Motion to Set Aside Order Denying Appellant's Motion to Quash Order Dismissing Appeal and Motion to Disqualify Counsel in *City of Southfield v. Kersh* (No. 84–3024); filed a seventy-eight paragraph Complaint against twenty-five defendants in *Kersh v. City of Livonia* (E.D.Mich. No. 88–1871); and recently filed a Motion to Compel Answers to Interrogatories in *Kersh v. Balan* (E.D.Mich No. 85–1798).

3. Despite being given repeated extensions of time to obtain a new lawyer, Kersh has falsely accused this Court of preventing him from retaining a substitute counsel.

---

[*] Order, November 19, 1987.
[**] *Supra.*

There is now further evidence that Kersh's representations (to wit, that he was too ill to participate in legal proceedings in this Court) were made in bad faith. While continuing to assert that his illness precluded him from actively prosecuting the instant cause, he filed a "Motion and Brief in Support of Request for Safe Passage and Adjournment of Hearing" with this Court on May 27, 1988 in which he said:

That plaintiff alleges that this court purposely set the May 31, 1988 hearing after

---

**6.** Order at 2.

determining that plaintiff intended to take depositons of various Judges commencing at 11:00 AM that morning.[7]

This Court cannot fathom how Kersh could withstand the rigors of depositions against several state court judges and, at the same time, be unable to pursue this litigation because of an illness. Yet, Kersh actively initiated these depositions, as he readily admits. Clearly, he is quite fit to participate in legal proceedings and has simply acted in bad faith before the Court in order to avoid his obligation to prosecute this case.[8]

Moreover, this Court has been more than lenient to Kersh. Despite his past improprieties, the Court has chosen not to dismiss his case until this time. Instead, the Court has attempted to use progressively strict sanctioning methods in an effort to obtain his compliance with the Federal Rules of Civil Procedure and the Orders of this Court. This Court has ordered him to comply with discovery requests, to which he has not responded as of this date. On November 19, 1987, the Court restricted Kersh from introducing certain evidence because of his failure to comply with discovery requests.[9] Finally, on May 19, 1988, a Temporary Restraining Order, which barred Kersh from filing any new lawsuits without permission of this Court, was issued in an effort to limit his vexatious activities.[10]

However, in light of Kersh's consistent pattern of vexatiousness, and his willful disobedience of a court order which advised him that his disobedience would result in the dismissal of the Complaint, this Court believes that such an action was necessary.

Two other matters warrant discussion. The Order to Show Cause, that was issued by this Court on May 19, 1988, was based on a line of cases in which courts have considered injunctions against allegedly vexatious litigants. In those cases, courts have issued orders to show cause in order to give the litigant an opportunity to express his or her position.[11]

Finally, the Court orally addressed those issues, which had been raised in Kersh's "Motion and Brief in Support of Request for Safe Passage and Adjournment of Hearing," during the hearing on May 19, 1988. In this motion, he makes several accusations against the Court—all of which border on the "Kafkaesque." This Court has already discussed why the time of the hearing did not conflict with his depositions of judges.[12] Kersh also states:

2. That this court has admitted to having read the *Kersh v. Livonia* case and as such is aware that there is an illegal bench warrant outstanding against the plaintiff upon which this court could order the plaintiff arrested and incarcerated.

3. That plaintiff believes hat this court intends to set up the plaintiff to be arrested when he appears in the court.

As stated during the hearing, this Court had no awareness of any bench warrant against Kersh until he filed this motion. It is true this Court is aware of the *Kersh v.*

---

7. Motion at 2.

8. This Court finds it ironic that Kersh would claim that the Orders to Show Cause by the Court was deliberately set at a time which was meant to conflict with the depositions. The hearing was set for 8:30 a.m. He has admitted that the depositions were set for 11:00 a.m. Thus, there was no conflict. Moreover, when the Court established a time for the hearing, it had no idea that he had scheduled depositions in another case on the same day. Given his protestations of illness, the Court could hardly have anticipated much vigorous litigation activity.

9. *Supra.* This Court has also taken the issue of monetary sanctions against him for his noncom-

pliance with the Orders of the Court under advisement.

10. The details and justifications of this Order are contained in the May 19, 1988 Order. Also, subsequent to the entry of this Order, the Court will issue an Opinion as to whether the Restraining Order should be expanded into a permanent injunction.

11. *See e.g. Procup v. Strickland,* 792 F.2d 1069, 1075 (11th Cir.1986) (Dissent) (trial court issued an Order to Show Cause); *In re Martin–Trigona,* 737 F.2d 1254, 1259 (2d Cir.1984), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1985) (Order to Show Cause).

12. *Supra.*

*Livonia* case.[13] However, this Court had simply perused the Complaint and had never examined the entire file, as Kersh alleges. Most importantly, Kersh offers no supporting proof to bolster his subjective belief this Court intended to arrest him. Certainly, there was no one in the courtroom at the time of the hearing except Borden's counsel, the court reporter, a law clerk, and this Court. As an excuse for avoiding making an appearance at the hearing, Kersh's unsupported statements can only be characterized as being made in bad faith.

Kersh also accuses this Court of depriving him of sleep by scheduling the hearing on May 31st at 8:30 a.m. This is absurd. Contrary to Kersh's unsupported allegations, this Court had no knowledge of his sleeping habits. Moreover, the Court has started its proceedings at 8:30 a.m. for years. Thus, for all the above reasons, Kersh's Motion in Support of Request for Safe Passage and Adjournment of Hearing was denied.[14]

IT IS SO ORDERED.

---

13. *Kersh v. City of Livonia* (E.D.Mich. No. 88–1871).

14. Thus, Kersh's "Motion and Brief to Amend Witness List to Quash Trial Date to Permit Plaintiff to Take Depositions in Preparation for Trial" must be denied for mootness.