886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lynn Richard NORTON, Plaintiff-Appellant,
v.
Steve TOTH; Pricor Corporation; David Townsend; Greene
County Sheriff's Department; Tennessee Department
of Corrections; Rose Mary Toth, Nurse,
Defendants-Appellees,
Michael Dutton; Le Cores, Doctor, Defendants.
 No. 89-5242.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1989.
 
 Before MERRITT and RYAN, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lynn Richard Norton, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking monetary and injunctive relief, Norton sued multiple prison officials in February 1988 alleging that he was wrongfully incarcerated in the state penitentiary as a pretrial detainee and that defendants had shown deliberate indifference to his serious medical needs. After a number of pretrial motions were filed by the parties, the district court by an order entered on January 6, 1989, set deadlines for the initiation of discovery and for the filing of pretrial narrative statements. The order, in pertinent part, required the parties to file pretrial narrative statements; set the date for the filing of Norton's pretrial statement as February 3, 1989; and gave notice to Norton that failure to file the required pretrial statement would result in the dismissal of the complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).
 
 
 4
 On February 8, 1989, due to Norton's failure to file a pretrial narrative statement, the district court dismissed the complaint, with prejudice, for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and for failure to comply with an order of the court.
 
 
 5
 Upon review we conclude the district court did not abuse its discretion in dismissing Norton's complaint. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976); Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988).
 
 
 6
 In this case, the district court gave Norton notice in its order of January 6, 1989, that failure to file the pretrial narrative statement would subject him to the sanction of dismissal. Because Norton received such notice, the district court was not required to impose a penalty short of dismissal even absent a finding that Norton was acting in bad faith or had engaged in contumacious conduct. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988).
 
 
 7
 Accordingly, the district court's dismissal is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.