908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl MCGORE, Plaintiff-Appellant,
v.
Gene BORGERT; Robert Brown, Defendants-Appellees.
 No. 89-2338.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Darryl McGore appeals from the district court's order dismissing without prejudice his 42 U.S.C. Sec. 1983 prisoner civil rights complaint for failing to comply with previous orders directing him to comply with the pretrial order.
 
 
 3
 In his complaint, McGore claimed that he was denied yard activities for three months in retaliation for filing lawsuits, and that this denial constitutes cruel and unusual punishment. He sought damages and an investigation. The district court filed a pretrial order, directing McGore to file within forty days a short narrative statement of the facts he expected to prove at trial, a list of witnesses including a short summary of their expected testimony, and a list of exhibits he expected to offer at trial. McGore failed to file this information within the specified time. The court then ordered him to comply with the pretrial order within fifteen days, warning that failure to comply with the pretrial order would result in dismissal. Again, McGore failed to comply, and the court dismissed the action without prejudice.
 
 
 4
 On appeal, McGore seems to argue that he did not respond to the pretrial order because the defendants delivered his mail late.
 
 
 5
 The appellee's motion to dismiss for lack of jurisdiction is denied as the appeal was timely filed. See Fed.R.App.P. 4(a) and 4(a)(1).
 
 
 6
 Next, the district court did not abuse its discretion in dismissing this action for failure to comply with the pretrial order. See e.g. Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1515 (5th Cir.1985). McGore's case presents a record of delay, justifying the district court's dismissal without prejudice to his ability to refile the lawsuit. His deliberate choices not to respond to two orders constitute delay. Although on appeal he argues that the defendant's delay in mail delivery prevented him from complying, the record shows that McGore filed a pleading twenty days after the date of entry of the pretrial order and also was able to file a timely notice of appeal. These documents show that he did have access to the mails and had the ability to comply. Significantly, the district court's second order put the derelict McGore on notice that further noncompliance would result in dismissal. Given these circumstances, dismissal was not an excessive sanction. Cf. Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988).
 
 
 7
 For these reasons, the appellee's motion to dismiss for lack of jurisdiction is hereby denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.