914 F.2d 255
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen CHRISTY, Plaintiff-Appellant,
v.
CITY OF ANN ARBOR, MICHIGAN, Defendant-Appellee.
 No. 89-1629.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Karen Christy, appeals the dismissal of her 42 U.S.C. Sec. 1983 action commenced in challenge to the constitutionality of the defendant-appellee Ann Arbor's zoning ordinance as it applies to appellant's planned operation of an adult bookstore in downtown Ann Arbor, Michigan. Prior to trial of the case, appellant's counsel moved to withdraw from his representation, alleging that communications between himself and appellant had broken down irrevocably. The district court notified counsel, appellee, and appellant that it would hold a hearing on the motion to withdraw on April 13, 1989. The notice of hearing provided that "[a]ll parties are ordered to appear," but did not contain a warning that failure to appear would result in dismissal.
 
 
 2
 Appellant's counsel and counsel for the city appeared at the hearing on the withdrawal motion, but appellee failed to attend. The district court granted the motion to withdraw, and, upon being informed that appellant was not present, dismissed the action with prejudice. Appellant filed an untimely motion for reconsideration of this order which the district court refused to entertain, and then perfected an appeal to this court.
 
 
 3
 A district court's order dismissing a case for failure to comply with pretrial conference orders under Fed.R.Civ.P. 16(f) is reviewed for abuse of discretion. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980). In Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988), it was held that "in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Id. at 1256.
 
 
 4
 In the case at bar, it is evident that appellant received no warning from the district court that failure to appear at the hearing would result in dismissal of the case with prejudice. Nor is there evidence that appellant was engaged prior to the hearing in a course of bad faith or contumacious conduct. Under these circumstances, the district court's dismissal of the action with prejudice constituted an abuse of its discretion.
 
 
 5
 Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings.