Christina POLK–OSUMAH, Plaintiff,

v.

WAYNE COUNTY, MICHIGAN, Edward H. McNamara and Sedgwick James, Defendants.

No. 99–CV–72961–DT.

United States District Court, E.D. Michigan, Southern Division.

Dec. 28, 2001.

---

Leslie C. Bates, Detroit, MI, for Christina Polk–Osumah.

Antoinette R. Raheem, Southfield, MI, Rachel K. Eickemeyer, West Bloomfield, MI, for County of Wayne and Edward H. McNamara.

James D. Wilson, Plunkett & Cooney, James D. Wilson Assoc., Ann Arbor, MI, for Sedgwick James of Michigan, Inc.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

### I. BACKGROUND/FACTS

Plaintiff Christina Polk–Osumah filed the instant suit against Defendants Wayne County, Edward H. McNamara, and Sedgwick James of Michigan, Inc. In its October 5, 2001 Order, the Court noted that it assumed there were no claims against Defendant McNamara because although Defendant McNamara's name appears on the caption of the Complaint, he is not mentioned as a defendant in the portion of the Complaint which describes who the defendants are and their residency status. The Complaint is also void of any allegation against Defendant McNamara, other than the caption. It is noted that both Defendants Wayne County and McNamara filed the instant motion to dismiss for failure to prosecute. Defendant Sedgwick James of Michigan, Inc. also filed a Motion for Involuntary Dismissal.

On September 24, 2001, the parties appeared before the Court and Plaintiff's counsel, Leslie C. Bates, moved to withdraw as Plaintiff's attorney. The Court granted Mr. Bates' motion and allowed Plaintiff to obtain new counsel within 30 days. Plaintiff was present at this status conference/hearing. In its October 5, 2001 Order, the court scheduled a status conference for October 29, 2001, 2:30 p.m. Plaintiff did not appear at the October 29, 2001 conference. Defendants Wayne County and McNamara have now filed a Motion to Dismiss for lack of prosecution and Defendant Sedgwick James has filed a motion for involuntary dismissal. Defendants noted in each of their Notice of Hearing that the motions would be heard on Monday, December 17, 2001 at 10:00 a.m. The motions were served at Plaintiff's address, 19912 Stratford, Detroit, MI 48221. To date, no responses have been filed by Plaintiff nor has new counsel appeared on Plaintiff's behalf.

Plaintiff did not appear at the December 17, 2001 hearing. Both counsel for Defendants appeared at the hearing.

### II. DEFENDANT WAYNE COUNTY'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO PROSECUTE

Defendants Wayne County and McNamara move to dismiss with prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). In support of their motion, Defendants Wayne County and McNamara state that after two and a half years of litigation, Plaintiff has now decided to abandon her claims. Defendants cited to delays by Plaintiff in-

cluding failing to respond to discovery requests which necessitated motions to compel by Defendants. Defendants note that the Court amended its scheduling order on four separate occasions. Defendants claim that they completed their discovery by August 2000 except for one witness, Plaintiff's mother, who refused to testify. Defendants further claim that they waited for several months for Plaintiff to finish her discovery but to date Plaintiff has not done so. At the September 24, 2001 status conference, Plaintiff's counsel appeared and indicated that he had been unable to make contact with Plaintiff over the prior several months. Mr. Bates at that time requested leave to withdraw. Plaintiff appeared at the conference and concurred in Mr. Bates' request. A status conference was then scheduled for October 29, 2001. Both defense counsel appeared by neither Plaintiff nor any attorney on her behalf appeared. Defendants notified the court at that time that they would be filing motions to dismiss. Defendants Wayne County and McNamara have now filed the instant motion seeking dismissal with prejudice for failure to prosecute under Rule 41(b).

■ Fed.R.Civ.P. 41(b) states:

**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). In addition to Rule 41(b), the trial court has the inherent power to control its docket in a number of ways, including the power to order dismissals of civil cases for lack of prosecution or where the prosecuting party does not diligently move the case to conclusion by obeying the court's pretrial orders to appear when required to do so. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8

L.Ed.2d 734 (1962)(the court has the inherent power to *sua sponte* dismiss a case for a party's inaction or dilatoriness of the party seeking relief). The Sixth Circuit has noted that in the absence of notice that dismissal is contemplated a district courts should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct." *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988).

■ As to notice, the proof of service filed by Defendants Wayne County and McNamara indicate that Plaintiff was served at her home address a copy of their motion to dismiss. Plaintiff was also present at the status conference held on September 24, 2001 where Plaintiff was personally informed of the October 29, 2001 status conference date. Plaintiff was also served with an order noting the status conference date. As previously noted, Plaintiff failed to appear at the October 29, 2001 status conference and there has been no appearance filed on behalf of Plaintiff to date. The two motions before the Court have also been served on Plaintiff at her home address on Stratford. Plaintiff had sufficient notice of Defendants' intention to seek dismissal.

As to "bad faith," Plaintiff's action and inaction after withdrawal of her counsel indicates bad faith on her behalf. Plaintiff failed to appear at the October 29, 2001 status conference, failed to notify the Court and the other parties as to why she has failed to appear, failed to notify the Court and the parties as to whether or not she has been able to obtain counsel, failed to notify the Court and the parties as to whether she will be proceeding *pro se,* failed to respond to the two motions before the Court, and failed to appear at the December 17, 2001 hearing. In addition, there is indication, based on Plaintiff's former counsel's statements and the various discovery issues that have been brought before the Court, that Plaintiff has been uncooperative during the discovery process. All of the above constitute bad faith.

As to dismissal "with prejudice," Rule 41(b) allows a dismissal under this rule as an adjudication of the merits. The Sixth Circuit has recognized that a dismissal under Rule 41(b) could be with prejudice if the party

receives notice and the trial court finds bad faith. *Knoll v. AT & T Co.,* 176 F.3d 359, 363–64 (6th Cir.1999). In this case, as noted above, it is Plaintiff herself who has been uncooperative in discovery and with her former counsel. Since her counsel withdrew, Plaintiff has failed to appear at scheduled conferences and hearings before the Court. Plaintiff's actions and inaction indicate that she does not seek to prosecute her claims against Defendants. The matter will be dismissed with prejudice.

### III. *DEFENDANT SEDGWICK JAMES' MOTION FOR INVOLUNTARY DISMISSAL*

Defendant Sedgwick James also moves for dismissal under Rule 41(b) for the same reasons as stated by Defendants Wayne County and McNamara that Plaintiff has failed to prosecute her claims against Defendants. For the same reasons set forth above, Defendant Sedgwick James' motion will be granted with prejudice.

### IV. *CONCLUSION*

For the reasons set forth above,

IT IS ORDERED that Defendants Wayne County and McNamara's Motion to Dismiss for Lack of Prosecution (**Docket No. 56, filed November 7, 2001**) is GRANTED.

IT IS FURTHER ORDERED that Defendant Sedgwick James' Motion for Involuntary Dismissal with prejudice (**Docket No. 57, filed November 21, 2001**) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.