**Maurice ERBY, Plaintiff–Appellant,**

v.

**Jennifer KULA, Defendant–Appellee.**

No. 03–2377.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2004.

Maurice Erb, Ionia Maximum Correction Facility, Ionia, MI, pro se.

Before KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

## ORDER

Maurice Erby, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 16, 2003, Erby filed a civil rights action naming as defendant Jennifer Kula, a lieutenant at the Ionia Maximum Correctional Facility where Erby is incarcerated. On April 28, 2003, a deficiency order was filed notifying Erby that he must pay the $150 filing fee or apply to proceed in forma pauperis within 30 days of the deficiency order. The deficiency order warned Erby that if he failed to comply with the order, his case would be dismissed for want of prosecution.

On June 6, 2003, the district court dismissed Erby's civil rights complaint without prejudice for want of prosecution because he failed to comply with the deficiency order. Erby's motion to alter or amend judgment was subsequently denied. Erby has filed a timely appeal.

We review a district court's dismissal of a suit for want of prosecution under Fed. R.Civ.P. 41(b) for an abuse of discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991). Federal Rule of Civil Procedure 41(b) provides for dismissal of an action where the plaintiff has failed "to prosecute or to comply with these rules or any order of court...." A district court has discretion to dismiss under Rule 41(b) if a party has engaged in contumacious conduct or has actual "notice that dismissal is contemplated." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988).

Under the Prison Litigation Reform Act, a prisoner bringing a civil action in forma pauperis must file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). If the prisoner does not pay the full filing fee and fails to provide the required documentation to apply to proceed in forma pauperis, "the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the

date of the deficiency order to correct the error or pay the full filing fee." *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir. 1997). "If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper," assess the full filing fee, and dismiss the case for want of prosecution. *Id.*

Upon review, we conclude that the district court did not abuse its discretion when it dismissed Erby's civil rights complaint for want of prosecution. *See Link,* 370 U.S. at 633, 82 S.Ct. 1386; *Knoll,* 176 F.3d at 363; *McGore,* 114 F.3d at 605. The deficiency order clearly stated the documentation that must be submitted in order to apply to proceed in forma pauperis. The order also expressly warned Erby that failure to comply with the order would result in the dismissal of his case for want of prosecution.

In his motion to alter or amend judgment, and now on appeal, Erby claims that he was unable to timely cure his deficiency because prison staff refused to provide him with the necessary documents. He further alleges that he mailed a motion for extension of time to the district court on June 6, 2003. As pointed out by the district court, there is no indication on the district court docket sheet in this case that the court received any motion for extension of time or other pleading from Erby before judgment was entered in this case. In any event, if the district court had received Erby's June 6 motion for extension of time, it would have been untimely as the thirty-day period expired on May 28, 2003. Moreover, Erby still had not cured his deficiency. Because Erby failed to pay the filing fee or submit the required documentation to the district court in order to apply to proceed in forma pauperis, his complaint was subject to dismissal for want of prosecution.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.