956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. MASON, Plaintiff-Appellant,
v.
Will Tom WATHEN, ET AL., Defendants-Appellees.
 No. 90-6430.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert L. Mason, a pro se Kentucky prisoner, appeals the district court's order and judgment dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. Seeking monetary, declaratory, and injunctive relief, appellant sued a judge, commonwealth attorney, court reporter, court clerk of Webster County, Kentucky, and the county itself. Mason alleged that these defendants violated his rights under the federal Constitution and state law during his prosecution on rape and kidnapping charges.
 
 
 2
 The district court referred the case to a magistrate judge, whose report recommended that Mason's complaint be dismissed with prejudice for failure to prosecute. Specifically, the magistrate's report found that appellant failed to comply with a district court order instructing the parties to tender witness lists and other discovery information by a given date. The district court adopted that conclusion and dismissed the complaint with prejudice.
 
 
 3
 This court has recently discussed the dismissal of pro se prisoner suits for failure to prosecute. Jourdan v. Jabe, 951 F.2d 108 (6th Cir.1991). In Jourdan, the appellant failed to comply with discovery deadlines despite the fact that the court had twice granted his motions for extension of time. While acknowledging that pro se litigants are held to a less stringent standard of formal pleading than are lawyers, we noted that appellant had notice of the discovery deadlines and yet engaged in a clear pattern of delay. Id. at 110. Under such circumstances, dismissal is appropriate.
 
 
 4
 In reaching his conclusion in this case, the magistrate judge relied upon Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988), to support his recommendation. In Harris, this court reversed the dismissal despite appellant's failure to comply with court scheduling orders: "[W]e extract the principle that in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Id. at 1256.
 
 
 5
 In the case before us, however, neither of these grounds exist. The docket indicates that Mason filed objections to the magistrate's report and, in addition, obtained an affidavit from the prison mail clerk that calls into question whether appellant received notice of the impending dismissal. For its part, the government does not attempt to rebut Mason's contentions that notice was deficient. For these reasons, dismissal for failure to prosecute was not the appropriate method to resolve this action.
 
 
 6
 Nevertheless, we affirm the district court's decision to dismiss for other reasons. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). Where, as here, a complaint lacks an arguable basis in either law or fact, it is frivolous within the meaning of 28 U.S.C. § 1915(d) and dismissal is warranted. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Thus, § 1915(d) permits the court to dismiss those claims in which the factual contentions are clearly baseless, such as those describing delusional scenarios, as well as those claims that lack any foundation in law, such as those in which the defendants are immune from suit.
 
 
 7
 Upon review, it is clear that Mason's complaint should be dismissed pursuant to § 1915(d). Not only do his factual allegations reflect precisely the type of delusional conspiracy theory that Nietzke envisions as meriting dismissal, they also lack the legal underpinnings required to sustain his action. All of the defendants, for instance, enjoy some measure of immunity. See Pembaur v. City of Cincinnati, 475 U.S. 469, 478-80 (1986) (Webster County); Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (commonwealth attorney); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (judge and court clerk); Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir.1983) (court reporter). Moreover, the alleged violations of Kentucky's Constitution and statutes are not cognizable under § 1983, which creates a cause of action only for violations of rights secured by the Constitution or laws of the United States. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 8
 Finally, we note that the crux of Mason's action challenges the legality of his conviction and incarceration. Under such circumstances, his federal remedy properly lies in seeking a writ of habeas corpus, not an action brought under 42 U.S.C. § 1983. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). Although he has already pursued this avenue to no avail, Mason v. Rees, No. 88-5802 (6th Cir. Dec. 13, 1988), appellant cannot now relitigate these issues under the guise of a § 1983 action.
 
 
 9
 For the foregoing reasons, the order and judgment of the district court is affirmed.